GREGORY, Circuit Judge,
concurring in the judgment:
In Sons of Confederate Veterans, Inc. v. Comm’r of Va. Dep’t of Motor Vehicles, 288 F.3d 610, 613 (4th Cir.2002), this Court was asked to determine whether the State of Virginia had a right to disassociate itself from what many Americans, of all races and nationalities, view to be a symbol of racism and slavery — the Confederate flag — by prohibiting the Sons of Confederate Veterans (“SCV”) from displaying their organizational logo, which includes the Confederate flag, on state owned and state issued license plates. The panel hearing the case, in a unanimous decision, held that Virginia did not have such a right. Id. at 614, 627. To reach this holding, the panel concluded, incorrectly in my view, that only private speech was implicated by Virginia’s vanity license plate program. Id. at 618-21. Having so concluded, the panel held that Virginia’s attempt to balance its interest of not being associated with a highly divisive and controversial symbol with the interest of the SCV in having an organizational license plate amounted to viewpoint discrimination and was therefore unconstitutional. Id. at 622-27.
In a six to five vote, this Court declined to rehear the case en banc. Sons of Confederate Veterans, Inc. v. Comm’r of Va. Dep’t of Motor Vehicles, 305 F.3d 241, 242 (4th Cir.2002)(denying rehearing en banc). In dissenting from that decision, I expressed my belief “that the panel did not fully and adequately analyze the ‘government speech’ aspect of [the] case.” Id. at 251 (Gregory, J., dissenting from the denial of rehearing en banc). In doing so, I noted that “[w]hat is, and what is not, ‘government speech’ is a nebulous concept, to say the least,” id., because there is a “blurry and sometimes overlapping line between private and government speech.” Id. at 252. I believe this is especially true with “license plate programs [because they] ... really have elements of both private and government speech.” Id.
Thus, while I continue to believe that Sons of Confederate Veterans was wrongly decided, I am constrained to follow it because it is the law of this Circuit. Accordingly, because I believe the judgment reached today applies the factors set forth in Sons of Confederate Veterans in a manner that begins to recognize the government speech interests that are implicated in the vanity license plate forum, I concur in the judgment.